## STATE EX REL. BLACKFORD *v.* KENNEY, AUDITOR.

CODE COMMISSION —*Appropriation for clerk's salary —Auditor.* —The State auditor has no authority, in the absence of a specific appropriation, to draw his warrant for the payment of the salary of the clerk of the code commission under section 4 of the Act of March 14, 1889, providing that his salary shall be paid monthly by the auditor upon vouchers to be approved by the chairman of the commission. (*State* v. *Kenney,* 9 Mont. 389, affirmed.)

Original proceeding. Application for writ of mandate.

*William Blackford,* and *Stephen Carpenter,* for Relator.

The clerk of the code commission is an officer whose salary is fixed by law. (*Gilbert* v. *Moody,* Idaho, Feb. 1891; *United States* v. *Hartwell,* 6 Wall. 385; *Bradford* v. *Justices,* 33 Ga. 332; *Clark* v. *Stanley,* 66 N. C. 59.) Section 4 of the Act of March 14, 1889, creating the code commission, contains a specific appropriation. (*Gilbert* v. *Moody, supra; Humbert* v. *Dunn,* 84 Cal. 57; *Proll* v. *Dunn,* 80 Cal. 220; *McCauley* v. *Brooks,* 16 Cal. 11; *State* v. *Bordelon,* 6 La. An. 68; *Ristine* v. *State,* 20 Ind. 328; *State ex rel. Wade* v. *Kenney, ante,* p. 485.)

*Henri J. Haskell,* Attorney-General, for Respondent.

BLAKE, C. J.—The relator has applied to the court for a peremptory writ of mandate to be directed to the State auditor, and commanding him to draw a warrant upon the State treasurer in favor of the relator for the sum of one hundred and fifty dollars. It is shown by the affidavit and admitted by the respondent, that the relator was employed May 31, 1890, as the clerk of the code commission of the State, and has acted as such since that time; that he has not received his salary for the month of March, 1891; and that, upon a demand therefor, the respondent refuses to draw his warrant in any sum for the relator. The act under which the code commission was appointed contains this provision: "The said commissioners . . . . are empowered and authorized to employ one competent clerk, who shall receive for his . . . . services one hundred and fifty dollars per month. . . . . The salary of the clerk of such commission shall be paid monthly by the auditor upon vouchers to be approved by the chairman of the commission." (Stats. 16th Sess. p. 117, § 4.) No appropriation has been made for the payment of his salary for the period above mentioned, and the claim of the relator is founded upon the act *supra.*

The case of *State* v. *Kenney,* 9 Mont. 389, is applicable to these facts, and the application for a peremptory writ of mandate must be denied.

HARWOOD, J., and DE WITT, J., concur.